IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE GAFFNEY, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:14-CV-00643 |
| | : | (JUDGE MARIANI) |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I.    Introduction

The above-captioned matter arises out of an assault and battery that the Plaintiff,

Florence Gaffney, allegedly suffered at the hands of a Social Security Administrative Law

Judge, one Sridhar Boini. Plaintiff sued multiple Defendants, including Judge Boini and his

employer, the United States Government, under the Federal Tort Claims Act ("FTCA"). The

United States then filed a Motion to Dismiss (Doc. 13) for lack of subject matter jurisdiction

under Federal Rule of Civil Procedure 12(b)(1). By Memorandum (Doc. 22) and Order

(Doc. 23), the Court subsequently denied the Motion without prejudice on 12(b)(1)

jurisdictional grounds and dismissed the Complaint on the separate ground of failure to

state a claim under Rule 12(b)(6). Plaintiff submitted an Amended Complaint on April 8,

2015 (Doc. 24). The United States moved to dismiss the Amended Complaint on April 24,

2015, (see Doc. 30). After that Motion had been fully briefed, (see Docs. 34-36), Plaintiff

filed a Motion for Leave to File a Second Amended Complaint (Doc. 37). The Court granted

Plaintiff's Motion to Amend by way of an Order dated June 17, 2015 (Doc. 39). Plaintiff then filed her Second Amended Complaint (Doc. 40).[1] The United States filed a Motion to Dismiss Plaintiff's Second Amended Complaint on July 14, 2015 (Doc. 45). The Motion has been fully briefed and is ripe for review. For the following reasons, the Court will deny the United States' Motion to Dismiss (Doc. 45).

## II.    **Factual Allegations**

This action arises out of two incidents at the Social Security Administration office in Scranton, Pennsylvania. The Plaintiff, Florence Gaffney, alleges that, while she was present at the Scranton Social Security Office on the afternoon of June 30, 2011 for other business, Defendant Administrative Law Judge Sridhar Boini approached her, "reached under her right arm and fondled her right and left breasts" in the presence of a security guard. (Doc. 40, at ¶¶ 18, 20.) Second, Plaintiff alleges that several days later, Judge Boini continued his course of sexually illicit conduct by making "sexual gestures to the Plaintiff . . . using his tongue and mouth" while standing outside the Social Security office. (*Id.* at ¶ 21.)

Plaintiff further alleges that "Sridhar Boini[] was an alcoholic and would consume alcohol during work hours," (*id.* at ¶ 22), that he "routinely and regularly displayed

---

[1] As it appears on the Court's electronic docket sheet, Plaintiff's Second Amended Complaint (Doc. 40) is a nineteen page document with no exhibits or attachments. However, the text of the Second Amended Complaint, as well as the parties' briefing of the United States' Motion to Dismiss said Complaint (Docs. 45-46, 50, 52), make reference to exhibits to the Second Amended Complaint. Upon review of the docket sheet in this matter, it appears that the exhibits to the Second Amended Complaint were only included as part of Plaintiff's proposed Second Amended Complaint and attached to her Motion for Leave to Amend. As such, they are located at Document 37, Exhibit 3. Though these exhibits are not attached to the Second Amended Complaint filed after the Court gave Plaintiff leave to do so, the Court will consider the exhibits included in Document 37, Exhibit 3 as if they were attached to Document 40, in part because the parties themselves have so done.

inappropriate and/or illicit behavior towards females," (*id.* at ¶ 27), and that, at the time that he fondled Plaintiff's breasts, Plaintiff "smelled an odor of alcohol" on his person, (*id.* at ¶ 19).

Plaintiff also alleges that Boini has testified to consuming alcohol during work hours both prior to and after the dates of the 2011 incidents involving the Plaintiff, including at a retirement party for an Social Security Administration employee who retired in 2009. (*Id.* at ¶ 23). According to Plaintiff, a security officer assigned to the Social Security office in Scranton witnessed and noted that prior to the June 30, 2011 incident and after that date, Boini would show signs of intoxication at the office during the afternoon hours, including a strong odor of alcohol on his breath and a noticeable change in his demeanor. (*Id.* at ¶ 26). Plaintiff alleges that Boini admitted to being an alcoholic and abusing alcohol during the time he was working as an ALJ for the SSA. (*Id.* at ¶¶ 24-25).

According to Plaintiff, "[i]nvestigation has revealed that [Boini] acted inappropriately and in an aggressive sexual manner , while intoxicated, towards multiple women within the building at 409 Lackawanna Avenue, Scranton, Pennsylvania in throughout [*sic*] 2011 and 2012." (*Id.* at ¶ 27). Finally, Plaintiff alleges that "the Defendants, collectively, by and through their agents, servants and employees, including those employees of the Social Security Administration who worked with and for the Defendant, Sridhar Boini, knew or should have known that the Defendant, Sridhar Boini, became intoxicated during work hours and/or behaved inappropriately and/or illicitly around females" and that "the conduct of the

3

Defendants, Individually, and by and through their agents, servants and/or employees, including those individuals who worked at the Social Security Office and/or with the Defendant, Sridhar Boini, . . . was careless and negligent." (*Id.* at ¶¶ 28-29.)

## III.   **Standard of Review**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

4

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. Analysis

### i. The Original Complaint

In previously dismissing Plaintiff's original Complaint (Doc. 1), the Court rejected

the United States' "contention that subject matter jurisdiction [could ]not exist as a matter

of law" in this case, (see Mem. Op., Doc. 22 at 12), finding that

[i]f Plaintiff can plead that Judge Boini presented a foreseeable danger to
invitees like herself, and that the United States failed to protect her from
this foreseeable danger, . . . this Court would have jurisdiction to hear her
claim against the United States.

(Id. at 11-12). In other words, the Court found no jurisdictional impediment to Plaintiff's

ability to proceed against the United States under the FTCA on a theory of failure to

protect. However, the Court went on to determine that in her original Complaint the

Plaintiff in fact had not adequately pled that Judge Boini presented a foreseeable danger

to an invitee such as herself. Thus, the Court dismissed the original Complaint for failure

to state a claim, finding that it was "clear that Plaintiff's allegations against the United

States only rely on legal labels and conclusions, and therefore represent 'a formulaic

recitation of a cause of action's elements' that fails to state a claim under Twombly and

Iqbal." (Doc. 22 at 14). Specifically, the Court noted the following deficiencies:

For instance, the Complaint only states generally that 'the Defendants,
collectively, by and through their agents, servants and employees, knew or
should have known that the Defendant, Sridhar Boini, became intoxicated
during work hours and behaved inappropriately and/or illicitly around
females." . . . It does not state how the Defendants—all of whom, aside

6

from Judge Boini, are corporate entities—came upon this information, what specifically they knew prior to the Gaffney incident, which employees of the particular Defendants knew this information, how these employees' knowledge can be imputed to each Defendant entity, and so on. Likewise, while Plaintiff recites that "the conduct of the Defendants, Individually, and by and through their agents, servants and/or employees, as set forth more specifically herein were careless and negligent," . . . she does not further describe just what the Defendants and their agents, servants, and employees actually did to constitute negligence, including, most obviously, how they negligently failed to protect her from Judge Boini. Finally, the list of alleged forms of negligence . . . only amount to conclusions unsupported by well-pleaded facts. While Plaintiff alleges such things as the United States "fail[ed] to protect the safety of individuals presenting to the Social Security Administration office; . . . to reprimand, suspend and/or discipline Administrative Law Judge Boini; . . . to report that the Defendant, Sridhar Boini consumed alcohol during the work day and continued to work while impaired and/or intoxicated," . . ., and so on, the Complaint does not describe who in particular is believed to have failed to do these things and what facts gave rise to a duty to do them.

Without answering these questions—and possibly others—the Complaint cannot state a claim for relief that "is plausible on its face" and goes beyond mere labels and conclusions. Dismissal for failure to state a claim is therefore appropriate.

(*Id*. at 14-16).

### ii. The Second Amended Complaint

With this background in mind, the Court turns to Plaintiff's Second Amended

Complaint (Doc. 40). It is now the Court's task to determine whether, through the

allegations in that version of the complaint, the Plaintiff properly "plead[s] that Judge

Boini presented a foreseeable danger to invitees like herself, and that the United States

failed to protect her from this foreseeable danger." It is the Court's view that the

additional allegations contained in the Second Amended Complaint are sufficient for

Plaintiff's case to survive the United States' Motion to Dismiss. Specifically, the following

allegations appearing in the Second Amended Complaint, but not the original Complaint,

are essential to the Court's decision:

- Both prior to June 30, 2011 and after said date, the Defendant, Sridhar Boini, would show signs of intoxication during the afternoon hours while at the Social Security Administration Office, including a strong odor of alcohol on his breath and a noticeable change in his demeanor. These characteristics were witnessed and noted by the armed security officer assigned to the Social Security Administration Office at 409 Lackawanna Avenue, Scranton. (Doc. 40 at ¶ 26).

- . . . Investigation has revealed that the Defendant, Sridhar Boini, acted inappropriately and in an aggressive sexual manner, while intoxicated, towards multiple women within the building at 409 Lackawanna Avenue, Scranton, Pennsylvania in throughout [sic] 2011 and 2012. (Doc. 40 at ¶ 27).

While these allegations barely "nudge [ ] [Plaintiff's] claims across the line from

conceivable to plausible," Twombly, 550 U.S. at 570, taking as true Plaintiff's factual

allegations in the Second Amended Complaint and the reasonable inferences that can

be drawn from those facts, she has minimally, but successfully pled a right to relief that

rises above the speculative level. The Second Amended Complaint indicates with

plausibility both that the United States was aware of or should have been aware of

Defendant Boini's use of alcohol during work hours and that prior inappropriate sexual

behavior had occurred. That is, taking the allegations as true, they state sufficient facts

to show that the United States' duty to exercise care to discover and/or warn of Defendant Boini's alcohol abuse and related aberrant behavior[2] was violated.

The Court fully expects that it will have occasion to revisit the Government's challenges to Plaintiff's case made here when analyzing a later dispositive motion. Indeed, Plaintiff is hereby put on notice that the continued use of the passive voice and failure to identify any pertinent individual by either title or name will not be sufficient to carry her case forward at the summary judgement stage. Additionally, the Court wishes to note that the documents attached by Plaintiff to her Second Amended Complaint – namely, the statement of security guard Nesko and the transcript of the 2013 investigatory meeting regarding Defendant Boini – are, at best, thin evidence upon which to stake a claim and, standing alone, will not be sufficient to survive a summary judgment motion where the Court is no longer required to take Plaintiff's factual allegations as true.

---

[2] The United States argues that Plaintiff "conflate[s] alcohol consumption with sexual misconduct as if notice of the former is in some way notice of the later." (Mem. in Supp. of the U.S.'s Mot. to Dis., Doc. 46 at n.6; *see also* Reply Br. of the U.S. in Supp. of its Mot. to Dis., Doc. 52 at 5). The Court does not credit this argument; an individual engaged in excessive drinking can have impaired judgment that manifests itself in a variety of ways, including inappropriate sexual behavior of the kind alleged here.

## V.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Second

Amended Complaint (Doc. 45) is denied.  A separate Order follows.

Robert D. Mariani
United States District Judge